Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| REUBEN ALEXANDER HUNTINGTON, | Case No. 2-14-bk-13414 DPC |
| and | **TRUSTEE'S RECOMMENDATION** |
| CRYSTAL LOUISE HUNTINGTON, | |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. The Trustee requires copies of the Debtors' 2014 federal and state income tax returns, to include all schedules, statements and attachments. In addition, the Trustee requires that the Debtors turn over net tax refunds for 2014, to be applied as a supplement to the Plan <u>for the benefit of unsecured creditors.</u> This provision must be included in the Order Confirming the Plan.

2. Schedule J includes two vehicle payments which are being paid through the Plan. Schedule J must be amended to delete the payments and the Plan payments must be increased accordingly in the Order Confirming the Plan.

3. Schedule J includes an allowance of $400.00 per month for charitable giving. No such pattern of giving is reflected in the Statement of Financial Affairs or on the 2013 tax returns. The

Trustee requires verification of this expenditure for each month from September 2014 through January 2015.

4. The Debtors' income is above median for the state of Arizona, therefore the applicable commitment period is 60 months. The Order Confirming the Plan must set the Plan duration at 60 months.

5. The proofs of claim filed by JP Morgan Chase Bank, #7, and Exeter Finance, #8, are both less than provided for in the Plan. The Order Confirming the Plan must provide for payment pursuant to the claims, but with interest and adequate protection as provided for in the Plan.

6. The proof of claim filed by the Arizona Department of Revenue (#2) is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtor(s) file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the order confirming plan; or (c) notify the Trustee **in writing** that the proposed order confirming plan will pay the claim in full pursuant to the proof of claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the objection.

7. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and

- 2 -

the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2014 - 2017 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

**Plan payment status:** Debtors' interim payments of $1,100.00 are current through due date December 27, 2014. Payment in like amount is now past due for due date January 27, 2015, with an additional payment coming due February 27, 2015. Debtors' remittance in the total amount of $2,200.00 must be received in the Trustee's office not later than March 6, 2015.

Subsequent payments will be due on or before the 27th day of the month, starting March 2015.

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by March 6, 2015 or the Trustee will lodge an order dismissing the case:**

(a) All information and documents as requested in Items #1, #2, #3 and #6 above; and

(b) Pay to the Trustee the sum of $2,200.00.

SUMMARY: Pursuant to Local Rule 2084-10, by the deadline Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

| | |
|---|---|
| 1 | Copy mailed or emailed to: |
| 2 | Debtor(s) Mailer: |
| 3 | REUBEN ALEXANDER HUNTINGTON<br>CRYSTAL LOUISE HUNTINGTON |
| 4 | 2954 EAST MAHOGANY PLACE<br>CHANDLER, AZ 85245 |
| 5 | |
| 6 | Attorney Mailer<br>WALTER E. MOAK |
| 7 | THE MOAK LAW FIRM<br>1820 E. RAY ROAD |
| 8 | CHANDLER, AZ 85225 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | _____<br>*cturner@ch13bk.com* |

- 5 -